IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DANIEL L. DUMONDE,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] CIVIL ACTION NO.: 2:09-CV-58-RDP-RRA |
| | ] |
| **UNITED STATES, U.S. ATTORNEY** | ] |
| **GENERAL, U.S. SOLICITOR** | ] |
| **GENERAL,** | ] |
| | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

Plaintiff, Daniel L. DuMonde, was convicted in this court in 2004, of one count of making, possessing, and uttering a counterfeit security while aided and abetted by another, in violation of 18 U.S.C. § 513(a) and 2. *United States v. Daniel Lafitte DuMonde*, 2:04-CR-0176-SLB-JEO. Plaintiff was sentenced on April 15, 2005, to a term of imprisonment for sixty-six months, to be followed by a thirty-six month term of supervised release. *Id.* at Doc. 161.

Plaintiff filed two appeals from his conviction and sentence. On July 19, 2006, the Eleventh Circuit issued an opinion on both appeals, affirming his conviction and sentence. *Id.* at Doc. 207. The decision was issued as a mandate on September 19, 2006. *Id.* DuMonde initiated this action on January 28, 2008, by filing a complaint entitled "Lawsuit for Injunctive Relief 10th Amendment, U. S. Constitution, Alabama Code § 6-5-170 § Article 10," in the Circuit Court of Montgomery County, Alabama.[1]  In his complaint, Plaintiff named as defendants the United States of America,

---

[1] At the time he filed the complaint, Plaintiff was incarcerated at the Federal Prison Camp at Maxwell Air Force Base in Montgomery, Alabama, (FPC Montgomery) serving the sixty-six month sentence imposed upon him by this court in 2005. On April 14, 2008, Plaintiff was released from FPC Montgomery and ordered to report to a halfway house in Jefferson County, Alabama. After failing to report to the halfway house, Plaintiff was charged in this court with escape

the Attorney General of the United States, and the United States Solicitor General.  Plaintiff challenges his arrest, conviction, and sentence in *United States v. Daniel Lafitte DuMonde*, 2:04-CR-0176-SLB-JEO.  As relief, Plaintiff seeks "immediate release" and to have the court declare that he was convicted and sentenced in violation of the 10th Amendment.

On December 2, 2009, Defendants removed this action to the United States District Court for the Middle District of Alabama.  By order dated January 12, 2009, the United States District Court for the Middle District of Alabama transferred the case to this court.

The relief sought by Plaintiff would necessarily undermine the validity of his conviction in *United States v. Daniel Lafitte DuMonde*, 2:04-CR-0176-SLB-JEO.  "A motion to vacate sentence pursuant to 28 U.S.C. § 2255 provides the primary method of collateral attack on a federally imposed sentence."  *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)(*citing Walker v. United States*, 429 F.2d 1301 (5th Cir. 1970)).  Plaintiff clearly has no remedy under 42 U.S.C. § 1983 available to him in this case.[2]

Although the court could construe the complaint as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, a § 2241 petition is not a substitute for a motion brought pursuant to § 2255.  Rather, a petitioner may attack his custody resulting from a federal sentence in a petition brought pursuant to § 2241 only if he establishes that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; *McGhee*, 604 F.2d at 10 (*citing Wood v. Blackwell*, 402 F.2d 62, 63 (5th Cir. 1968), *cert. denied*, 393 U.S.

---

from Federal Custody, in violation of 18 U.S.C. § 751(a).  *United States v. Daniel L. DuMonde*, 2:08-CR-173-LSC-TMP. The escape charge is currently pending.

[2]  It is unclear why the action was docketed as a § 1983 action.

1060 (1969)). "It is well established that a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." *McGhee*, 604 F.2d at 10 (*citing Walker v. United States*, 429 F.2d 1301, 1303 (5th Cir. 1970) and *Accardi v. Blackwell*, 412 F.2d 911, 914 (5th Cir. 1969)). Moreover, the fact that a § 2255 motion might be barred by the one-year limitations period "does not render the collateral relief ineffective or inadequate to test the legality of detention." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1217 (11th Cir. 2000). A petitioner bears the burden of providing the court with evidence "affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Id.* (*citing Accardi*, 412 F.2d at 914). Plaintiff has made no argument that § 2255 would be an inadequate or ineffective remedy for the redress of the claims raised in this action.

        Accordingly, this action is due to be **DISMISSED**.

        **DONE** and **ORDERED** this       26th       day of January, 2009.

                                                     **R. DAVID PROCTOR**
                                                     UNITED STATES DISTRICT JUDGE